IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: FANSTEEL INC., ET AL.,[1] | ) | |
| | ) | |
| Fansteel Inc. | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 04-503 (JJF) |
| | ) | |
| v | ) | |
| | ) | |
| A Finkl & Sons Co. | ) | |
| | ) | Adversary Case No.  04-51045 |
| Defendant | ) | Bankruptcy Case No. 02-10109 (JJF) |

**Objection Deadline:  May 24, 2005 at 4:00 p.m. Eastern Time**
**Hearing Date:  TBD, if necessary**

## NOTICE OF SETTLEMENT OF AVOIDANCE ACTIONS

Plaintiff, Fansteel, Inc., Reorganized Debtor (hereinafter referred to as "Plaintiff"), files

this Notice of Settlement of Avoidance Action (the "Notice").  A Mutual Settlement Agreement

and Release (the "Settlement Agreement") was entered into by Plaintiff and A. Finkl & Sons Co.

(hereinafter referred to as "Defendant"), on May 12, 2005, a copy of which is attached hereto,

which Settlement Agreement provides, *inter alia*, the following:

---

[1] The Reorganized Debtors are the following entities: Fansteel Inc. and Wellman Dynamics Corp.

| | |
|---|---|
| **Name of Defendant:** | A. Finkl & Sons Co. |
| **Adversary Proceeding No.:** | 04-51045 |
| **Complaint Amount:** | $39,532.26 |
| **Settlement Amount:** | $7,300.00 waiver of 502(h) claim |
| **Special Circumstances:** new value and ordinary course | |

Plaintiff submits that the above Settlement Agreement is the product of arm's-length

negotiations between Plaintiff and Defendant. The Settlement Agreement represents a favorable

resolution of Plaintiff's claims and results in a cash payment and claim waivers to Plaintiff for

the benefit of creditors. Accordingly, Plaintiff further submits that the Settlement Agreement is

fair and reasonable, is in the best interest of the creditors, and is the result of the exercise of

sound business judgment.

If you object to the terms of the settlement, you are required to file an objection to this

Settlement Agreement on or before May 24, 2005 at 4:00 p.m.


THIS NOTICE IS SUBMITTED ON NEGATIVE NOTICE. ANY PARTY
OBJECTING TO THE RELIEF REQUESTED HEREIN SHALL MAKE ITS OBJECTION
KNOWN BY FILING AN OBJECTION TO THE PROPOSED SETTLEMENT, SERVED
UPON THE UNDERSIGNED AND FILED WITH THE COURT NO LATER THAN FIVE (5)
BUSINESS DAYS AFTER DELIVERY HEREOF. A HEARING ON THE NOTICE WILL BE
HELD AT A TIME TO BE DETERMINED BY THE COURT ONLY IF A TIMELY

MOTION IS FILED.  IF NO SUCH MOTIONS ARE FILED, THE SETTLEMENT WILL BE DEEMED APPROVED WITHOUT FURTHER ORDER OF THE COURT.


Dated:    May 17, 2005

SCHULTE, ROTH & ZABEL LLP
Jeffrey S. Sabin (JSS-7600)
David J. Ciminesi (DJC-8156)
919 Third Avenue
New York, New York 10022
Telephone:  (212) 756-2000
Facsimile:  (212) 593-5955

AND

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.


Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Steven J. Kahn (CA Bar No. 76933)
Jason S. Pomerantz (CA Bar No. 157216)
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

Counsel for Plaintiff

## MUTUAL SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), entered

into on this _12th_ day of ~~April~~ *May* 2005, sets forth the terms of the agreement that have been reached

between A. Finkl & Sons Co. ("Finkl") and Reorganized Debtor Fansteel, Inc. ("Fansteel")

regarding the various claims asserted by Fansteel against Finkl (collectively the "Fansteel

Claims"). Fansteel and Finkl are collectively referred to as the "Parties."

WHEREAS, Fansteel and certain of its subsidiaries (collectively, the "Debtors")

filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on January 15, 2002

(the "Petition Date");

WHEREAS, on September 18, 2003, the Debtors filed their Amended Joint

Reorganization Plan (as subsequently modified, or supplemented);

WHEREAS, on November 17, 2003, at the hearing to consider confirmation of

the Plan, the Court entered an order confirming the Plan (Docket No. 1622);

WHEREAS, on December 19, 2003, the Debtors filed their *Emergency Motion*

*for an Order Pursuant to 11 U.S.C. § 1127(b) Seeking Modification of the Debtors' Amended*

*Joint Reorganization Plan together with the Debtors' proposed Second Amended Joint Plan of*

*Reorganization, dated as of December 18, 2003* (the "Amended Plan");

WHEREAS, on December 23, 2003, the Court entered an order (the

"Confirmation Order") confirming the Amended Plan and adopting all of the Court's previous

findings of fact and conclusions of law set forth in the earlier confirmation order.

WHEREAS, pursuant to the Amended Plan and Confirmation Order, Fansteel and

Reorganized Wellman Dynamics Corp. were revested with all of the Debtors' assets not

otherwise disposed of under the terms of the Amended Plan, including the right to enforce, sue

on, settle or compromise all litigation claims, including the Fansteel Claims that are the subject

of this Agreement;

WHEREAS, Fansteel has asserted the Fansteel Claims against Finkl in that

adversary proceeding captioned *Fansteel, Inc. v. A. Finkl & Sons Co.*, bearing case no. 04-51045

(JJF) [and Civil Action No. 04-503] (the "Adversary Proceeding");

WHEREAS, on March 8, 2004, Fansteel filed its Sixth Omnibus Substantive

Objection to Claims ("Claim Objection") which, among other claims, objected to a claim of

Finkl in the amount of $5,319.08 ("Claim No. 00319");

WHEREAS, the Parties desire to resolve the disputes regarding the Fansteel

Claims and the Claim Objection;

NOW THEREFORE, Fansteel and Finkl do hereby agree as follows:

1.      Payment.  Finkl agrees to pay to Fansteel a total amount of $7,300.00 Dollars (US

$7,300.00) in cash (the "Payment") and to waive any potential claim pursuant to Section 502(h)

of the Bankruptcy Code.  The Payment shall be made to the address indicated below within ten

(10) business days of the date of execution of this Agreement:

2

Fansteel Inc.
Attn: Sue Worden
One Tantalun Place
North Chicago, IL 60064

Within five (5) business days of receipt of the Payment, Fansteel shall deposit the

Payment.

2.    Effective Date. The date on which the latter of these two events occur (a) the date

on which the Payment is available funds in Fansteel's bank  (b) the Court approves the

Agreement (as required by paragraph 17 hereof ) shall be referred to as the "Effective Date."

The release and waiver provisions of this Agreement are conditioned upon occurrence of the

Effective Date.

3.    Waiver of 11 U.S.C. § 502(h) Claim Rights. Effective on the Effective date,

Finkl waives its right to (a) assert any claim under 11 U.S.C. § 502(h) and (b) receive

distributions thereon on account of such claim.

4.    Claim Objection. Within five (5) business days of the Effective Date, Fansteel

will withdraw its objection to Claim No. 00319 and Claim No. 00319 shall be deemed allowed.

5.    Dismissal of Litigation. Within five (5) business days of the Effective Date,

Fansteel shall cause the Adversary Proceeding to be dismissed with prejudice. Each party will

bear its own costs relating to the Adversary Proceeding, including attorneys' fees. Fansteel will

do nothing to pursue this litigation prior to (a) approval of the Agreement or (b) disapproval of

the Agreement and return of the Payment.

6.    Release of Fansteel. Except for Fansteel's obligations contained in this

Agreement, effective on the Effective Date, Finkl releases and forever discharges Fansteel and

3

the Fansteel bankruptcy estate and their predecessors, successors, assigns, representatives and

present and former employees, officers, directors, agents and attorneys (in their capacities as

representatives of Fansteel or the Fansteel bankruptcy estate) from any and all (1) claims and

causes of action, whether known or unknown, of any nature or type whatsoever, whether in tort,

contract, or otherwise, at law, equity or admiralty, that it has or may have against Fansteel and/or

the Fansteel bankruptcy estate as of the date first stated on the first page of this Agreement,

arising from or relating to the Fansteel Claims, the Claim Objection, the Fansteel bankruptcy

proceeding, the Adversary Proceeding, Chapter V of the Bankruptcy Code or the Payment,

including without limitation any claim arising under or relating to 11 U.S.C. sec. 502(h), and

(2) any and all known claims and causes of action of any nature or type whatsoever, whether in

tort, contract, or otherwise, at law, equity or admiralty that Finkl has or may have against

Fansteel and/or the Fansteel bankruptcy estate as of the date first stated on the first page of this

Agreement, provided that this release does not apply to Claim No. 00319, to any claim related to

enforcement of that bankruptcy claim, or to any ordinary trade claim related to

transactions occurring after the Petition Date for the purchase and sale of goods or services.  All

proofs of claims, other than Claim No. 00319, which may have been filed or asserted by Finkl

against the Fansteel bankruptcy estate shall be deemed withdrawn and Finkl shall receive no

distribution by reason of any claim hereby deemed withdrawn.  Finkl shall be entitled to share

with other unsecured creditors of its class in distributions and with respect to Claim No. 00319.

7.    Release of Finkl. Except for the obligations contained in this Agreement,

effective on the Effective Date, Fansteel, on behalf of itself, the Fansteel bankruptcy estate and

together with its successors, assigns and representatives, hereby releases and forever discharges

4

Finkl and its predecessors, successors, assigns, representatives and present and former

employees, officers, directors, agents and attorneys (in their capacities as representatives of

Finkl) from any and all (1) claims and causes of action, whether known or unknown, of any

nature or type whatsoever, whether in tort, contract, or otherwise, at law, equity or admiralty,

that it has or may have against Finkl as of the date first stated on the first page of this Agreement,

arising from or relating to the Fansteel Claims, the Claim Objection, the Fansteel bankruptcy

proceeding, the Adversary Proceeding, Chapter V of the Bankruptcy Code or the Payment,

including without limitation any claim arising under or relating to 11 U.S.C. sec. 502(h), and

(2) any and all known claims and causes of action of any nature or type whatsoever, whether in

tort, contract, or otherwise, at law, equity or admiralty that Fansteel and/or the Fansteel

bankruptcy estate has or may have against Finkl as of the date first stated on the first page of this

Agreement, provided that this release does not apply to any ordinary trade claim related to

transactions occurring after the Petition Date for the purchase and sale of goods or services.

Notwithstanding anything to the contrary herein, this release is not intended to alter any release

or discharge the Debtors received as a result of Confirmation of the Amended Plan. To the

extent that there are any inconsistencies between this paragraph and the Amended Plan or the

Confirmation Order, the Amended Plan and Confirmation Order shall govern.

       8.     Applicable Law. This Agreement shall be governed by the internal laws of the

State of Delaware, and shall be construed and interpreted in accordance with its laws,

notwithstanding its conflict of laws principles or any other rule, regulation or principle that

would result in the application of any other state's law.

9. <u>Warranties</u>. Each of Fansteel and Finkl warrants that it is the sole and current owner of the claim(s) released by this agreement and that it is authorized to enter into this Agreement. Each individual signing this Agreement on behalf of any party represents and warrants that he/she has full authority to do so. Each party agrees to indemnify the other from any loss or expense (including, without limitation, attorneys fees) that may be incurred as a result of any breach of this warranty.

10. <u>Parties Bound</u>. The Parties acknowledge that each and every covenant, warranty, release and agreement contained herein shall inure to the benefit of, and be binding upon, subsidiaries, officers, directors, assigns, and successors in interest of the Parties, including but not limited to Fansteel, the Fansteel bankruptcy estate, any Chapter 11 or Chapter 7 Trustee or Examiner heretofore or hereafter appointed, and further including any other trustee or statutory committee heretofore or hereinafter appointed.

11. <u>Entirety of Agreement</u>. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. The Parties agree that this Agreement may not be varied in its terms by an oral agreement or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties.

12. <u>No Admission of Liability.</u> This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any party; provided, however, that Fansteel acknowledges the validity of Claim No. 00319.

13.     Severability. Should any provision of this Agreement be held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

14.     Construction. Each Party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement with attorneys of its own choice as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each Party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

15.     No Waiver. The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

16.     Execution. The Parties agree that this Agreement may be executed in one or more counterparts, any one of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same Agreement. Facsimile and electronically transmitted signatures shall be deemed to have the same effect as original signatures.

17.     Approval. This Agreement is subject to the approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in Fansteel's pending chapter 11 case, either pursuant to the terms of the Order Authorizing and Approving Omnibus

7

Procedures for Settling Certain Claims and Causes of Action Brought by Reorganized Debtors in

a Judicial, Administrative, Arbitral or Other Action or Proceeding entered May 3, 2004 (the

"Procedures Order") or other order of the Court. Within fifteen (15) days execution of this

Agreement, Fansteel will file with the Court the necessary documents to seek Court approval of

Agreement pursuant to the Procedures Order or to seek approval of the Court pursuant to a

separate Order. Upon entry of any order by the Court denying approval of this Agreement, then

(a) this Agreement shall be null and void and of no effect; (b) any payment made by Finkl will

be promptly returned to it; (c) nothing contained herein shall be deemed to be an admission,

waiver or concession of, or be in any way binding upon, any party hereto in connection with any

future litigation over the matters referenced herein, including but not limited to the Fansteel

Claims, the Claim Objection, and any defenses or counterclaims thereto.

     18.    <u>Retention of Jurisdiction</u>. The Bankruptcy Court or the United States District

Court for the District of Delaware, as the case may be, shall retain jurisdiction to resolve any

disputes or controversies arising from or related to this Agreement. Finkl consents to the

jurisdiction of the said Courts to resolve any disputes or controversies between the Parties hereto

8

arising from or related to this Agreement. Any motion or application brought before either court

to resolve a dispute arising from or related to this Agreement shall be brought on proper notice in

accordance with the applicable Federal Rules of Bankruptcy or Civil Procedure and Local Rules

of said Court.

Dated: _May 12_, 2005

Dated: _____, 2005

**AGREED TO BY:**

**A. Finkl & Sons Co.**

By: _Steven D. Denton_
Its: _Controller & Asst Treasurer._

**FANSTEEL, INC.**
**Reorganized Debtor**

By: Michael McEntee
Its: _____

9

arising from or related to this Agreement.  Any motion or application brought before either court

to resolve a dispute arising from or related to this Agreement shall be brought on proper notice in

accordance with the applicable Federal Rules of Bankruptcy or Civil Procedure and Local Rules

of said Court.

Dated: _____, 2005          **AGREED TO BY:**

                                  **A. Finkl & Sons Co.**

                                  _____
                                  By:
                                  Its:

Dated: _May 4_, 2005              **FANSTEEL, INC.**
                                  **Reorganized Debtor**

                                  _____
                                  By: Michael McEntee
                                  Its: _Vice President_